# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSHUA FORSTER,

          Plaintiff,

   v.

CLENDENIN, *et al.*,

          Defendants.

Case No. 1:26-cv-02895-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

(ECF No. 1)

**FOURTEEN (14) DAY DEADLINE**

### I.      Background

Plaintiff Joshua Forster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On April 15, 2026, in *Forster v. Clendenin, et al.*, No 1:25-cv-01053-CDB, the court directed that Plaintiff's motion for preliminary injunction filed in that action be stricken and that the Clerk of the Court open a new action with that filing, based on Plaintiff's argument that he intended to file a new, independent case.. (*See Forster*, No. 1:25-cv-01053-CDB, ECF No. 21.) Additionally, the Court directed that Defendant Stephanie Clendenin's opposition to the motion be stricken and included in the new action.  (*Id.*)  Further, the Court directed Plaintiff to either file

1

an application to proceed *in forma pauperis* in the new action once a new case number has been assigned or pay the filing fee in full. (*Id.*)

On April 16, 2026, the Clerk of the Court opened the instant action, *Forster v. Clendenin, et al.*, No. 1:26-cv-01895-BAM, docketing both Plaintiff's motion for preliminary injunction and Defendant Clendenin's opposition.  (*See* ECF Nos. 1, 2.)

On April 20, 2026, the Court directed Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee for this action.  (ECF No. 4.)  Plaintiff submitted an application to proceed *in forma pauperis*, which was granted by the Court on May 5, 2026.  (ECF No. 6.)

Currently before the Court is Plaintiff's emergency motion for preliminary injunction, docketed as "(1983) PRISONER CIVIL RIGHTS COMPLAINT and EMERGENCY MOTION for PRELIMINARY INJUNCTION against Stephanie Clendenin, James Rokup by Joshua Forster," filed March 5, 2026.  (ECF No. 1.)  Plaintiff moves for a Court order enjoining defendants from enforcing California Code of Regulations Title 9, Section 4104(2)(C)(2) in any sexually violent predator evaluation or commitment proceeding.  (*Id.* at 1.)  Defendant Clendenin has opposed the motion.[1] (ECF No. 2.)

**II.    Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for

---

[1] As noted, Defendant Clendenin's opposition was originally filed in *Forster v. Clendenin, et al.*, No 1:25-cv-01053-CDB.

preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

The pendency of this action does not give the Court jurisdiction over state hospital officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

The Court does not have jurisdiction to issue the order requested by Plaintiff. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, however, there is no operative complaint. Although docketed as such, Plaintiff's filing is an "Emergency Motion for Preliminary Injunction." (ECF No. 1.) The Court declines to construe the motion, which is briefed accordingly, as a complaint. In the absence of a complaint, the action does not yet proceed on any cognizable claims, and no defendant has been ordered served. The Court acknowledges that Defendant Clendenin has opposed the pending motion but only did so as a party in *Forster v. Clendenin, et al.*, No 1:25-cv-01053-CDB. Thus, there is no case or controversy before the Court, and the Court has no jurisdiction to issue any preliminary injunction.

Plaintiff is not precluded from filing an operative complaint in this action. Plaintiff is cautioned, however, that his complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Any complaint shall be limited to **twenty (20) pages** in length, excluding exhibits.

### III.    Order and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 1), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 23, 2026**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

4